## WREN v. FOLLOWELL.

1. STATUTE OF LIMITATIONS: *Operation as to trusts: Attorney and client.*
Where land is sold under a decree foreclosing a vendor's lien, and the plaintiff's attorney becomes the purchaser and takes the deed to himself, he holds the land as the trustee of his client, and the statute of limitations will not run in his favor until there is a disclaimer of the trust.

2. SAME: *Same.*
Such disclaimer is not established by proof that several years after his purchase, the attorney having received a letter from the client, asking whether the latter could have possession of the land, replied that he (the attorney) had bought it and had a deed to it; that he had made valuable improvements, bought adjoining land, and had put a tenant on the property for the ensuing year, but that he was willing to either buy out his client or to sell to him.

APPEAL from *Fulton* Circuit Court in Chancery.

R. H. POWELL, Judge.

The father of the appellee was entitled to a vendor's lien on the land in controversy in this suit, for the amount of a promissory note executed by one Stinnett. The appellee delivered the note, which was for the sum of $450, to the appellant for collection. Acting as the attorney of appellee, the appellant brought suit on the note to foreclose the lien, and obtained a decree for the sale of the land. The sale was made in 1869, by a commissioner appointed for that purpose, and the appellant purchased the land for less than half the amount of the note, and took the conveyance to himself. This action was brought against him by the appellee, to recover the

land. It appears from the abstract filed by his counsel, that the appellant on the trial testified, in substance, as follows: He wrote to the appellee, informing him that the land would, be sold, and suggesting that if appellee wished to buy it he: should attend the sale or send his bid to the appellant. The appellee answered that he could not attend the sale, and if he were able to do so, that he could not buy the land, saying he "could not pay the rest of the children their part." After the sale the appellant wrote to the appellee, telling him "to come down and settle the matters and take title to the land," if he. wanted it. The appellee replied that he could not go ; that. he could not take the land, and that appellant would have to keep it. The appellant wrote again, saying he was ready to pay the appellee all the money due on the land after taking out costs, attorney's fees and his commissions. But to this. letter he received no answer. The agreement as to the compensation of the appellant for his services, was that he should receive ten per cent. commission if the note was collected without suit, and twenty-five per cent. if the collection was made by a suit. It also appears from the abstract that in November, 1873, the appellee wrote to the appellant, asking whether he (appellee) could have possession of the land. The appellant,. on the 5th day of December, 1873, replied as follows * * * :

"You wanted to know if you could have possession of the place sold for debt placed in my hands for collection. I have bought the balance of the tract of land, amounting to 320 acres, which takes part of the farm. The farm on both tracts has gone down. I have spent some $300 repairing, and have a man on the place for next year. If you will come down next fall I will buy you out or sell. I bought the eighty acres. that was sold for your debt and have a deed to it, also all the tract that belongs to Stinnett. Come down next fall, or I will come up. I may come in the summer."

This letter was relied upon as sufficient to put in motion. the statute of limitations. ...

*Sanders & Watkins* and *J. L. Abernethy*, for appellants.

Demand for possession having been made and refused, the appellee is barred by limitation. *24 Ark., 371; id., 392, 395; 46 id., 32; 36 Ark., 383; 97 Mass., 198; Mansf. Dig., sec. 4474.*

PER CURIAM. The appellant held the land in controversy in trust for the appellee, and relies upon the statute of limitations as a defense to the appellee's action to recover possession; but as there is no fact set forth in the abstract from which we can infer a disclaimer of the trust, there is nothing to show that the statute was ever set in motion.

The judgment of recovery will be affirmed